# Exhibit 2

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |
|---|---|
| AMERICAN ACADEMY OF PEDIATRICS, <br><br> *Plaintiff*, <br><br> v. <br><br> JAMES UTHMEIER, ATTORNEY GENERAL OF THE STATE OF FLORIDA, in his official capacity, <br><br> *Defendant*. | Case No. 1:26-cv-2401 |

**<u>PRELIMINARY INJUNCTION ORDER</u>**

This matter comes before the Court on Plaintiff American Academy of Pediatrics' ("AAP") Motion for Preliminary Injunction (ECF No. 4). AAP's motion is **GRANTED** for the following reasons, as set forth in further detail in the Court's Memorandum Opinion and Order (ECF No. 35):

1. This Court has specific personal jurisdiction over Defendant James Uthmeier ("Uthmeier").

2. Venue is appropriate in this Court for the above-captioned case.

3. This case falls within the bad faith exception to the *Younger* doctrine, such that this Court need not abstain from exercising jurisdiction.

4. AAP has shown that it is likely to succeed on the merits of its First Amendment retaliation claim against Uthmeier related to *Off. of the Att'y Gen. v. World Pro. Ass'n for Transgender Health*, No. 2025CA002660 (19th Fla. Cir. Ct. Dec. 9, 2025) ("the Enforcement Action").

1

5.  AAP has shown that it is likely to suffer irreparable harm to its First Amendment rights from the Enforcement Action absent an injunction.

6.  The balance of harms and public interest favor AAP because both weigh in favor of granting an injunction protecting First Amendment freedoms.

Therefore, upon consideration of AAP's motion for preliminary injunction and the parties' briefs and exhibits, it is hereby:

**ORDERED** that Plaintiff's Motion for Preliminary Injunction is **GRANTED**; it is further

**ORDERED** that Defendant, and others in active concert or participation therewith, is **ENJOINED** from pursuing its Enforcement Action against AAP; it is further

**ORDERED** that Defendant, and others in active concert or participation therewith, is **ENJOINED** from taking further unlawful action interfering with or retaliating against AAP's exercise of its First Amendment rights, such as pursuing a substantially similar enforcement action in violation of AAP's First Amendment rights; it is further

**ORDERED** that Plaintiff is not required to post a bond for this injunction pursuant to Federal Rule of Civil Procedure 65(c); and it is further

**ORDERED** that Defendant shall file a status report with the court, within 48 hours of entry of this Order, advising what he has done to comply with this preliminary injunction (including, e.g., advising the court in the Enforcement Action of the entry of the preliminary injunction).

This Order shall apply to the maximum extent provided for by Fed. R. Civ. P. 65(d)(2) and shall remain in effect until further order of this Court.

**SO ORDERED** this 8th day of June, 2026**.**

_____
MATTHEW F. KENNELLY
United States District Court Judge

2