IN THE

# United States Court of Appeals

FOR THE SEVENTH CIRCUIT

————➤➤◄◄————

**AMERICAN ACADEMY OF PEDIATRICS,**

*Plaintiff-Appellee,*

*v.*

**JAMES UTHMEIER, ATTORNEY GENERAL OF THE STATE OF FLORIDA, IN HIS OFFICIAL CAPACITY,**

*Defendant-Appellant.*

On Appeal from the United States District Court for the
Northern District of Illinois, No. 1:26-cv-02401 (Kennelly, J.)

## OPPOSITION TO MOTION FOR
## ADMINISTRATIVE STAY PENDING APPEAL

This morning, Florida Attorney General James Uthmeier filed a motion for a stay pending appeal of the district court's preliminary injunction. Uthmeier also asked that the Court enter an administrative stay by noon CT tomorrow (June 10). The American Academy of Pediatrics ("AAP") will expeditiously respond in full to Uthmeier's motion for a stay pending appeal, but provides this preliminary response to explain why an administrative stay pending briefing on that motion is

not warranted. This Court should deny Uthmeier's request for an administrative stay because he has failed to meaningfully comply with Federal Rule of Appellate Procedure 8, and in any event, he has failed to show any entitlement to relief.

Rule 8 requires movants to "move first in the district court" for a stay pending appeal or explain why doing "would be impracticable." Fed. R. App. P. 8(a)(1)−(a)(2)(i). Uthmeier has failed to meaningfully comply with either requirement.

Uthmeier gave the district court no real opportunity to consider or resolve his stay motion before seeking relief here. Uthmeier moved for a stay pending appeal in the district court today at 2:20 AM CT. *See* ECF No. 41. He then sought relief from this Court just hours later, at 11:41 AM CT. *See* Dkt. 2-1. Uthmeier gave the district court barely 9 hours— most of which occurred overnight—to consider a complex motion. Nowhere in that motion did Uthmeier request that the district court decide the motion by any particular day, let alone by noon tomorrow, or otherwise indicate any need for urgency.

In his motion before this Court, Uthmeier identifies only one aspect of the district court's order that he contends would justify an

administrative stay—the district court's order that Uthmeier provide an update to the court within 48 hours of the steps Uthmeier has taken to comply with the preliminary injunction. *See* Dkt. 2-1 at 5 & n.1. But Uthmeier did not even *mention* that requirement in his district court stay motion, let alone ask the district court to stay that aspect of its order. Uthmeier's failure to seek relief from the one aspect of the district court's order that he relies on to justify an administrative stay is sufficient reason to deny his request for an administrative stay. *See, e.g.*, *Agudath Israel of Am. v. Cuomo*, 980 F.3d 222, 225 (2d Cir. 2020) ("deny[ing]" motion for emergency relief for "failure to comply with the straightforward requirement[s] of Rule 8"); *New York v. Trump*, 2025 WL 455494, at *1 (1st Cir. Feb. 11, 2025) (denying motion for an administrative stay without prejudice in part because district court had not yet ruled). Nor has Uthmeier even tried to show that asking the district court to stay the requirement that Uthmeier file a status report within 48 hours would be impracticable. Because Uthmeier has not argued that any other aspect of the preliminary injunction will cause irreparable harm to Florida in the time it takes this Court to consider and decide his motion for a stay, the Court should deny his request.

Even if Uthmeier had satisfied Rule 8 by asking the district court to stay the status-report requirement that he claims justifies an administrative stay, his request would be meritless. Filing a status report is a routine incident of case management, not an extraordinary burden that requires an administrative stay. In fact, Uthmeier offers no argument in this Court that the status-report requirement was improper, apart from challenging the preliminary injunction generally.

In any event, Uthmeier's suggestion that he or his State will be irreparably harmed by having to tell a court what he has done to comply with a court order is meritless. Even Uthmeier did not muster any authority in support of that argument. The status report does not require Uthmeier to take any action he would not otherwise be required to take under the preliminary injunction itself. It merely requires him to inform the court of his compliance—an obligation that is inherent in every injunction and that courts routinely impose as a matter of basic docket management. *See, e.g.*, *Link v. Wabash R. Co.*, 370 U.S. 626, 630–31 (1962) (empowering courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases"); *see also Anderson v. Dunn,* 19 U.S. 204, 227 (1821) ("Courts of justice are universally

acknowledged to be vested, by their very creation, with power to impose … submission to their lawful mandates.").

Because this opposition is limited to responding to Uthmeier's request for an administrative stay in order to avoid having to file a status report, AAP will not address Uthmeier's request for a full stay pending appeal here, instead filing a complete response to that request by Friday, June 12, or earlier if the Court sets an earlier deadline. But it merits mentioning that the district court entered the preliminary injunction and accompanying 58-page opinion only after full briefing, a hearing, and careful consideration. Staying that injunction without even an opportunity for full briefing on the stay request would allow Uthmeier to resume the retaliatory and unconstitutional enforcement action in Florida state court that the district court determined is causing irreparable harm to AAP while this Court considers the stay motion. That is not a temporary "pause" to maintain the status quo—it is the ultimate relief the Attorney General seeks on appeal.

* * * *

This Court should deny Uthmeier's request for an administrative stay and set a briefing schedule on Uthmeier's motion for a stay pending

5

appeal. AAP proposes filing a response on or before Friday, June 12, 2026, but is prepared to meet any schedule set by the Court.

June 9, 2026

Respectfully submitted,

/s/ *Kendall T. Burchard*

Kendall T. Burchard
Sarah E. Harrington
Amber M. Charles
Paul Killebrew
Alexandra J. Widas
COVINGTON & BURLING LLP
850 Tenth Street, NW
Washington, DC 20001-4956
(202) 662-6000

*Counsel for Plaintiff-Appellee*
*American Academy of Pediatrics*

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that a true and correct copy of the foregoing has been furnished by electronic service via email on June 9, 2026 to:

Samuel F. Elliott
OFFICE OF THE ATTORNEY GENERAL
The Capitol, PL-01
Tallahassee, Florida 32399
(850) 414-3300
samuel.elliott@myfloridalegal.com

June 9, 2026                                              /s/ *Kendall T. Burchard*
                                                        Kendall T. Burchard

## CERTIFICATE OF COMPLIANCE

This document complies with the type-volume limit of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 929 words.  This document complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Century Schoolbook font.

June 9, 2026

/s/ *Kendall T. Burchard*
Kendall T. Burchard