# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

July 8, 2026

*By the Court:*

No. 26-2238

| | |
|---|---|
| AMERICAN ACADEMY OF PEDIATRICS,<br>    *Plaintiff-Appellee*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 1:26-cv-02401 |
| JAMES UTHMEIER, Attorney General of the State of Florida,<br>    *Defendant-Appellant*. | Matthew F. Kennelly,<br>*Judge*. |

## O R D E R

**IT IS ORDERED** that appellant's motion for en banc reconsideration is **GRANTED**. The panel's opinion issued June 22, 2026, is **VACATED**.

**IT IS FURTHER ORDERED** that the district court's preliminary injunction dated June 8, 2026, is **STAYED** pending the resolution of this appeal and the issuance of this court's mandate. Judges Hamilton, Jackson-Akiwumi, Lee, Pryor, and Maldonado dissent from the stay of the district court's preliminary injunction pending appeal for the reasons explained in the panel majority opinion.

**IT IS FINALLY ORDERED** that this appeal will be heard initially en banc. Fed. R. App. P. 40(g). The court will set a new briefing schedule and a date for oral argument by separate order.

LEE, *Circuit Judge*, joined by JACKSON-AKIWUMI, PRYOR, and MALDONADO, *Circuit Judge*s, dissenting from the grant of initial hearing en banc. Today, we take the extraordinary step of deciding sua sponte to take an appeal away from the hands of the assigned panel and proceed initially en banc. Although Fed. R. App. P. 40(g) permits us to do so, it cautions that "initial hearing en banc is not favored and ordinarily will not be ordered." And, I believe, wisely so.

Not only did Congress designate the three-judge panel as the default method for federal appellate review, 28 U.S.C. § 46, but allowing an appeal to be addressed first by the assigned panel provides the full court with the benefit of a more robust record and the panel's reasoning on the contested issues. *See Belk v. Charlotte-Mecklenburg Bd. of Educ.*, 211 F.3d 853, 854 (4th Cir. 2000) (Wilkinson, C.J., concurring in the denial of initial hearing en banc) ("Panel decisions refine, narrow, and focus issues before the court."); *Bristol Regional Women's Ctr., P.C., v. Slatery*, 993 F.3d 489, 490–92 (6th Cir. 2021) (Moore, J., dissenting from the grant of initial hearing en banc) (noting that, without a panel decision, there is a greater risk that the en banc process will be unsatisfying, unproductive, and inefficient).

Furthermore, I worry about the impact this use of Rule 40(g) will have on future proceedings and the court as a whole. *See Mayor & City Council of Baltimore v. Azar*, 799 F. App'x 193, 196 (4th Cir. 2020) (Richardson, J., dissenting from grant of initial hearing en banc and denial of motion to stay) (entrusting a panel to adjudicate an appeal prior to en banc review "not only foster[s] collegiality but reflect[s] the value of deciding even controversial matters with adherence to a purposeful procedure"). And, to be clear, I express no views

No. 24-3250                                                    3

on the merits of the appeal. Perhaps this is one of the exceedingly rare cases that Rule 40(g) envisions and will prove to be the extraordinary exception and not the rule. I certainly hope so and respectfully dissent.