IN THE

# United States Court of Appeals

FOR THE SEVENTH CIRCUIT

⟶≫≪⟶

**AMERICAN ACADEMY OF PEDIATRICS,**

*Plaintiff-Appellee,*

*v.*

**JAMES UTHMEIER, ATTORNEY GENERAL OF THE STATE OF FLORIDA, IN HIS OFFICIAL CAPACITY,**

*Defendant-Appellant.*

On Appeal from the United States District Court for the
Northern District of Illinois, No. 1:26-cv-02401 (Kennelly, J.)

**Emergency Motion to Stay Proceedings Pending District Court's
Resolution of AAP's Motion to Dismiss This Case**

**Ruling Requested by July 28, 2026**

| | |
|---|---|
| | Sarah E. Harrington |
| | *Counsel of Record* |
| | Amber M. Charles |
| | Paul Killebrew |
| Jack R. Bierig | Alexandra J. Widas |
| J. Michael Showalter | Kendall T. Burchard |
| ARENTFOX SCHIFF LLP | Christine Houle |
| 233 S. Wacker Drive | COVINGTON & BURLING LLP |
| Suite 7100 | 850 Tenth Street, NW |
| Chicago, IL 60606 | Washington, DC 20001 |
| (312) 528-5500 | (202) 662-6000 |

*Counsel for Plaintiff-Appellee American Academy of Pediatrics*

## INTRODUCTION AND BACKGROUND

Appellee American Academy of Pediatrics ("AAP") initiated this suit in an effort to prevent Florida Attorney General James Uthmeier from proceeding with his Florida enforcement action, which AAP alleges is part of a pattern of retaliation against AAP for its protected First Amendment activity. After the district court entered a preliminary injunction enjoining Uthmeier from proceeding with that case, and after a panel of this Court denied Uthmeier's requests for an administrative stay and for a stay pending appeal, the en banc Court stayed the preliminary injunction. As a result, the proceedings in Florida are moving forward and AAP must defend itself in that action.

AAP is a non-profit organization with limited resources. In light of the burdens AAP would suffer from having to litigate against Uthmeier in two separate forums, earlier today, AAP filed a motion in the district court to voluntarily dismiss this case. AAP now respectfully requests that this Court stay proceedings in this appeal pending the district court's resolution of that motion. In order to preserve party and judicial resources, AAP asks that the Court enter a stay as soon as possible, particularly as Uthmeier's opening brief is due to be filed on July 29.

1

Although Uthmeier has vigorously argued throughout these proceedings that the federal courts lack jurisdiction over AAP's suit, that venue is improper in Illinois, and that the federal courts should abstain from hearing AAP's suit, he now opposes AAP's motion to dismiss and this motion to stay.

A stay of the proceedings is warranted to preserve judicial economy and conserve the parties' time and resources. If the district court grants AAP's motion to dismiss, the preliminary injunction order will dissolve and this appeal will be moot, sparing the full Court the substantial burden of an initial en banc proceeding. The parties will also be relieved from briefing the appeal because the case will no longer present a live controversy. Nor would any party be prejudiced. Uthmeier has already obtained the relief he sought from this Court—*i.e.*, an order permitting him to prosecute the Florida action—and that litigation has resumed. Moreover, if these proceedings are stayed and the district court ultimately denies AAP's motion to dismiss, causing these appellate proceedings to recommence, Uthmeier would not be harmed by any delay, because a stay of the preliminary injunction is already in place.

In opposing AAP's motion to dismiss, Uthmeier represented that

dismissal would prejudice him by impairing his ability to recover attorneys' fees. But Uthmeier's desire to continue amassing fees by litigating in a forum he believes lacks jurisdiction for the purpose of later seeking reimbursement for fees is not cognizable "prejudice." And the fact that six federal judges have already concluded that AAP is entitled to a preliminary injunction demonstrates that AAP's suit is far from frivolous and thus would not justify fees, even if other judges on this Court take a different view of the preliminary injunction.

Although AAP remains confident in the merits of its claims, it cannot ignore the practical realities of the resource constraints that come with being a non-profit. Rather than simultaneously litigate in two forums, AAP now seeks to dismiss its federal action so that it can focus on defending itself in Florida. AAP respectfully requests that this Court stay appellate proceedings as soon as possible, pending the district court's decision on AAP's motion to voluntarily dismiss its suit.

## ARGUMENT

AAP is a non-profit organization with related budget constraints. Because the district court's preliminary injunction order has been stayed and the Florida matter is now proceeding, AAP must focus its limited

resources on defending itself in Florida. Despite repeatedly arguing that federal courts in Illinois lack personal jurisdiction over him, Uthmeier now opposes AAP's motion to dismiss its case, instead seeking to keep AAP in a fight he has at all times claimed should never have been fought in this forum. To preserve the full Court's (and parties') limited time and resources, this Court should stay proceedings in this appeal pending the district court's resolution of AAP's motion to dismiss.

Federal courts have broad discretion in determining whether to stay proceedings. "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). "How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Id.* at 254–55. Courts may consider several factors in deciding whether to stay proceedings, including judicial economy, reducing the burden on the parties and the court, and potential prejudice to the parties (or lack thereof). *See, e.g.*, *Bd. of Trs. of Teachers' Ret. Sys. of State of Illinois v. Worldcom, Inc.*, 244 F. Supp. 2d 900, 903 (N.D. Ill. 2002) ("In determining the appropriateness

4

of a stay, the court considers the interests of judicial economy and the balance of hardships to the proponent and opponent of the stay.").

This Court should stay proceedings in this appeal to preserve judicial economy, prevent wasting time and resources, and avoid prejudice to any party. In granting Uthmeier's en banc petition, this Court sua sponte took the rare step of deciding to hear the appeal initially en banc. En banc proceedings impose a "heavy burden" on an "already overburdened court." *See Roberts v. Sears, Roebuck & Co.,* 723 F.2d 1324, 1348 (7th Cir. 1983) (en banc) (separate opinion of Posner, J.). If the district court grants AAP's motion for voluntary dismissal, this Court need not incur that burden because dismissal would dissolve the preliminary injunction and moot the pending appeal. *See, e.g., Harper ex rel. Harper v. Poway Unified Sch. Dist.,* 549 U.S. 1262, 1262 (2007) (remanding with instructions to dismiss as moot appeal arising from denial of injunctive relief after district court entered final judgment dismissing plaintiff's claims). Staying the proceedings now, pending the district court's resolution of AAP's motion to dismiss, would preserve judicial resources.

Staying the proceedings in this appeal will also prevent the parties from expending their limited time and resources litigating a case that

should soon be dismissed.  Uthmeier has not yet filed his opening brief, and AAP has not spent any additional resources on this appeal, instead turning its attention to the Florida case, where Uthmeier has advised the Florida court that the preliminary injunction is no longer in effect and AAP has filed a consent motion for leave to file a reply brief in support of its motion to dismiss.

Nor would any party suffer prejudice if this Court were to stay the proceedings pending resolution of AAP's motion to dismiss.  Uthmeier has already received the exact relief he wanted from this Court: an order allowing him to proceed with the Florida enforcement action.  And indeed, the Florida litigation has resumed.  Uthmeier would not be prejudiced by delaying the briefing here until after the resolution of AAP's motion to dismiss, because he is no longer prevented from pursuing his state enforcement action.

On July 17, AAP sought Uthmeier's position on its motion to dismiss its case.  On July 21, Uthmeier informed AAP that he opposes the motion—even though he has argued from the start that the district court lacks jurisdiction over him, that the venue is improper, and that the federal courts should dismiss this case under the doctrine of *Younger*

abstention. Uthmeier claimed he would be prejudiced by the lost opportunity to recover fees under 42 U.S.C. § 1988(b) and to generate helpful precedent to deter future lawsuits. Neither explanation shows actual prejudice.

"The decision of whether or not to impose costs on the plaintiff lies within the sound discretion of the district judge, as does the decision of whether to impose attorney's fees." *In re Smith*, 227 B.R. 667, 674 (N.D. Ill. 1998) (quoting *Puerto Rico Maritime Shipping Auth. v. Leith*, 668 F.2d 46, 51 (1st Cir. 1981)). AAP is moving for dismissal early in this case—approximately four months after bringing the action. *Id.* It cannot be that Uthmeier's desire to continue amassing fees by litigating in a forum that he insists lacks jurisdiction over him can establish prejudice sufficient to maintain the current briefing schedule.

Nor can a speculative possibility of developing helpful precedent to deter future lawsuits establish actual prejudice. Federal courts have limited jurisdiction over actual cases and controversies. *See* U.S. Const. art. III, § 2. Uthmeier should not be able to manufacture a controversy by insisting on keeping in place a now-stayed preliminary injunction that he believes is without foundation in the first place. Uthmeier has the

relief he seeks, and AAP now confronts the practical and financial reality that it must concentrate its resources and efforts in a single forum—Florida.

## **CONCLUSION**

For the foregoing reasons, this Court should stay the proceedings in this Court as soon as possible in advance of July 28, 2026, pending resolution of AAP's motion to voluntarily dismiss its complaint in the Northern District of Illinois.

July 22, 2026

Respectfully submitted,

*/s/ Sarah E. Harrington*
Sarah E. Harrington
  *Counsel of Record*
Amber M. Charles
Paul Killebrew

Jack R. Bierig
J. Michael Showalter
ARENTFOX SCHIFF LLP
233 S. Wacker Drive
Suite 7100
Chicago, IL 60606
(312) 528-5500

Alexandra J. Widas
Kendall T. Burchard
Christine Houle
COVINGTON & BURLING LLP
850 Tenth Street, NW
Washington, DC 20001
(202) 662-6000

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been furnished by electronic service through the CM/ECF Portal on July 22, 2026, to all counsel of record.

July 22, 2026

/s/ *Sarah E. Harrington*
Sarah E. Harrington

## CERTIFICATE OF COMPLIANCE

This document complies with the word limit of Fed. R. App. P. 27(d)(2)(A) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f) and accompanying documents authorized by Fed. R. App. P. 27(a)(2)(B), this document contains 1,512 words.

This document complies with the typeface requirements of Fed. R. App. P. 27(d)(1)(E) and Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 27(d)(1)(E) and Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Century Schoolbook font.

July 22, 2026 /s/ *Sarah E. Harrington*
Sarah E. Harrington