# IN THE UNITED STATES COURT OF APPEALS
# FOR THE SEVENTH CIRCUIT

---

AMERICAN ACADEMY OF PEDIATRICS,
*Plaintiff-Appellee*,

v.

JAMES UTHEMEIER, ATTORNEY GENERAL
OF THE STATE OF FLORIDA, in his official capacity,
*Defendant-Appellant.*

---

On Appeal from the United States District Court
for the Northern District of Illinois, Case No. 26-cv-2401

---

## APPELLANT'S EMERGENCY RESPONSE

---

JAMES UTHMEIER
  *Attorney General*

RYAN D. NEWMAN
  *Chief Deputy Attorney General*

JASON HILBORN
  *Deputy Attorney General*
  *Civil Division*

DAVID M.S. DEWHIRST
  *Solicitor General*

JASON J. MUEHLHOFF
  *Chief Deputy Solicitor General*

SAMUEL F. ELLIOTT
  *Deputy Solicitor General*
VINCENT LI
  *Deputy Solicitor General*

OFFICE OF THE ATTORNEY GENERAL
The Capitol, PL-01
Tallahassee, Florida 32399
(850) 414-3300
david.dewhirst@myfloridalegal.com

*Counsel for Florida Attorney General James Uthmeier*

Defendant-Appellant Attorney General James Uthmeier files the following in response to American Academy of Pediatrics' (AAP) Emergency Motion to Stay Proceedings. ECF 36. But first, the Attorney General apologizes to this Court for missing the deadline. *See* ECF 37. Certain attorneys working on this case do not receive ECF notifications for this appeal—including the Court's order—which caused the team to miss the order until this afternoon, July 28, 2026. But there is no justification for ignoring this Court's order and complicating the briefing; the Attorney General's team will remedy this problem moving forward.[1]

The Attorney General opposes AAP's emergency response on the merits for four reasons.

**1.** AAP first cites its own "budget constraints" and "limited . . . resources" as reason for staying the appellate briefing pending resolution from the district court. *See* Mot. at 3–4. Yet it was *AAP* that decided to

---

[1] AAP argues that, by inadvertently failing to meet yesterday's deadline, the Attorney General "forfeited his right to oppose AAP's motion to stay appellate proceedings on any ground other than those conveyed to AAP and discussed in AAP's initial motion." ECF 39 at 1. After AAP intentionally failed to comply with its state court-ordered deadline to reply in favor of its motion to dismiss, the Attorney General consented to AAP's motion for leave to file a reply. *Off. of the Att'y Gen., State of Florida, Dept. of Legal Affs. v. WPATH et al.*, No. 2025-CA-002660, DE No. 96 at 2 (Fla. 19th Jud. Cir. Ct. July 17, 2026).

initiate a second lawsuit in another forum (instead of presenting its defenses in Florida state court as it should have) and vigorously litigate its claims in district court and before the panel and en banc Seventh Circuit. And it was only after this Court vacated the favorable rulings that AAP now raises resource constraints as a serious concern. Respectfully, it strains credibility to cite resource constraints given the armada of attorneys who have been involved in the briefing. *See, e.g.*, ECF 36 (eight attorneys on cover page). And without claiming to know the arrangement between lawyer and client, it is also worth noting that the principal law firm in this proceeding (Covington & Burling LLP) has an established pro bono relationship with AAP. *See* Press Release, *Covington Team Wins Pro Bono Award from the American Academy of Pediatrics* (Nov. 6, 2023).[2] This Court has wide discretion in granting a stay, and it need not turn a blind eye to the opportunistic reasons offered by the moving party.

    **2.** Resolution from this Court is necessary to ensure that the Attorney General obtains the full relief to which he is entitled. AAP claims that the Attorney General "has already obtained the relief he sought from

---

    [2] Available at: https://www.cov.com/en/news-and-insights/news/2023/11/covington-team-wins-pro-bono-award-from-the-american-academy-of-pediatrics.

this Court," (Mot. 2) because he can resume Florida state court proceedings, but that relief means little if AAP is allowed to dismiss this suit *without* prejudice and try this gambit again at a later time. A ruling from this Court affirming *Younger* abstention or another one of the Attorney General's defenses will help ensure his ability to carry out his duties as a sovereign state's chief legal officer.

3.    Next, this Court should be aware that dismissal in this case will prejudice the Attorney General's ability to obtain attorney's fees for AAP's unjustified actions. 42 U.S.C. § 1988(b) provides: "In any action or proceeding to enforce . . . section[] . . . 1983 . . . , the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." A state official sued in his official capacity may be a "prevailing party" for purposes of § 1988(b). *See Bond v. Stanton*, 555 F.2d 172, 174 (7th Cir. 1977).

Congress enacted § 1988(b) "to protect defendants from burdensome litigation having no legal or factual basis." *Christiansburg Garment Co. v. Equal Emp. Opportunity Comm'n*, 434 U.S. 412, 420 (1978). Attorney's fees are available under § 1988(b) if a plaintiff's § 1983 action

"was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Hughes v. Rowe*, 449 U.S. 5, 14 (1980).

This case fits the bill. From the outset, it was obvious that AAP's lawsuit faced multiple "insurmountable jurisdictional barriers." CA7-ECF No. 20 at 30 (Scudder, J., dissenting). Perhaps most obvious was the *Younger* abstention doctrine, which "is open and shut in [the Attorney General's] favor." *Id.* Dismissal without prejudice would prevent the Attorney General from recouping the State's resources and protecting its fisc from future burdensome litigation having no legal or factual basis.

4.  Finally, there is no emergency here that warrants AAP's emergency motion to stay proceedings. The Attorney General has not yet filed his opening brief, and briefing will not be completed until August 26, 2026. *See* ECF 35. There is therefore no tangible constraint or requirement that this Court act before August 26. And there is certainly no reason that this Court must act before the district court, which is actively considering AAP's motion to dismiss the case without prejudice. Labeling something an emergency does not make it so.[3]

---

[3] If so requested by this Court, the Attorney General can provide fuller briefing on the issues raised by AAP in its emergency motion.

4

July 28, 2026

Respectfully submitted,

JAMES UTHMEIER
  *Attorney General*

*/s/ David M.S. Dewhirst*

RYAN D. NEWMAN
  *Chief Deputy*
  *Attorney General*

DAVID M.S. DEWHIRST
  *Solicitor General*

JASON J. MUEHLHOFF
  *Chief Deputy Solicitor General*

JASON HILBORN
  *Deputy Attorney General*
  *Civil Division*

SAMUEL F. ELLIOTT
  *Deputy Solicitor General*
VINCENT LI
  *Deputy Solicitor General*

OFFICE OF THE ATTORNEY GENERAL
The Capitol, PL-01
Tallahassee, Florida 32399
(850) 414-3300
david.dewhirst@myfloridalegal.com

*Counsel for Attorney General*
*James Uthmeier*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been furnished by electronic service through the CM/ECF Portal on July 28, 2026, to all counsel of record.

*/s/ David M.S. Dewhirst*
Solicitor General