No. 26-2238

IN THE

# United States Court of Appeals

FOR THE SEVENTH CIRCUIT

⟩⟩⟨⟨

## AMERICAN ACADEMY OF PEDIATRICS,

*Plaintiff-Appellee,*

*v.*

## JAMES UTHMEIER, ATTORNEY GENERAL OF THE STATE OF FLORIDA, IN HIS OFFICIAL CAPACITY,

*Defendant-Appellant.*

On Appeal from the United States District Court for the
Northern District of Illinois, No. 1:26-cv-02401 (Kennelly, J.)

## Reply In Support of Emergency Motion to Stay Proceedings Pending District Court's Resolution of AAP's Motion to Dismiss

## Ruling Requested by July 28, 2026

Jack R. Bierig
J. Michael Showalter
ARENTFOX SCHIFF LLP
233 S. Wacker Drive
Suite 7100
Chicago, IL 60606
(312) 528-5500

Sarah E. Harrington
*Counsel of Record*
Amber M. Charles
Paul Killebrew
Alexandra J. Widas
Kendall T. Burchard
Christine Houle
COVINGTON & BURLING LLP
850 Tenth Street, NW
Washington, DC 20001
(202) 662-6000

*Counsel for Plaintiff-Appellee American Academy of Pediatrics*

## INTRODUCTION

AAP is a non-profit organization with related budget constraints. Because this Court stayed the district court's preliminary injunction order and the Florida matter is now proceeding, AAP must focus its limited resources on defending itself in Florida. To avoid the financial burden of litigating on two fronts simultaneously, AAP has filed a motion in the district court to voluntarily dismiss this action—and to conserve judicial and party resources, AAP respectfully requests that this Court stay appellate proceedings pending resolution of AAP's motion to dismiss.

A stay of appellate proceedings would not prejudice appellant Florida Attorney General James Uthmeier in the slightest. Uthmeier has already obtained a stay of the district court's preliminary injunction and that injunction would dissolve if the district court grants AAP's voluntary motion to dismiss. If the district court denies the motion to dismiss, appellate proceedings can resume with no party experiencing any harm from the slight delay in proceedings.

## ARGUMENT

Uthmeier offers four reasons for opposing AAP's modest request to stay appellate proceedings while the district court considers its motion to dismiss. Because none of those reasons comes close to establishing that

such a stay would prejudice Uthmeier, AAP respectfully requests that the Court enter a stay as soon as possible.

*First*, Uthmeier claims that AAP should not be able to complain about litigating in two courts when AAP initiated suit here. Opp. 1–2. But when AAP filed suit in the district court, Uthmeier had not yet served AAP or taken any action to move the Florida action forward. The point of the federal action was to avoid litigating in Florida. Uthmeier did not serve AAP until two weeks *after* AAP filed the underlying action. *See* ECF 22 at 1–2; *see also* ECF 35 at 14–15. When AAP moved for a preliminary injunction to block Uthmeier from prosecuting the Florida action, the Northern District of Illinois was therefore the only forum in which there was any active litigation. But now that this Court has stayed the preliminary injunction, the Florida action is going forward. Because it is not practical for AAP to fight on two fronts simultaneously, it seeks to dismiss its federal action and focus its resources on defending itself in Florida.

Relatedly, Uthmeier asserts that AAP's resource argument "strains credulity" given that lawyers from Covington & Burling have previously represented a coalition of medical organizations that includes AAP as

amici in unrelated litigation on a pro bono basis. Opp. 2. In support, Uthmeier cites a years-old Covington press release noting that Covington received an award from AAP for that pro bono representation. *Id.* But this case and the Florida litigation are materially different from that amicus effort on behalf of a coalition. AAP is a party, not amicus, and Covington is not providing AAP with pro bono legal services in connection with this case or the Florida litigation. Because AAP is paying for Covington's legal services in these cases and thus bears the litigation costs, AAP must focus its limited resources on defending itself in Florida.

*Second*, Uthmeier insists that he must have a final ruling from this en banc Court in order to resolve the underlying legal questions in his favor. But a litigant's desire for an advisory opinion—from a court that the litigant insists lacks jurisdiction no less—is insufficient to justify forcing a plaintiff to continue litigating a claim it now wishes to dismiss. And even if Uthmeier's desire for such a ruling did not conflict with the limits of Article III, it cannot justify refusing to pause appellate proceedings while the district court decides AAP's motion for voluntary dismissal.

*Third*, Uthmeier argues that dismissal would prejudice him by impairing his ability to recover attorneys' fees. Opp. 3. But as AAP previously explained, Uthmeier's desire to continue amassing fees by forcing AAP to continue litigating in a forum he believes lacks jurisdiction over him is not cognizable "prejudice."

Uthmeier claims he is entitled to fees under Section 1988(b) because AAP's lawsuit is "frivolous," citing threshold defenses such as the *Younger* abstention doctrine. Opp. 3–4. But the fact that six federal judges—the district court judge and five members of this Court—have already concluded that AAP is sufficiently likely to prevail in this action to warrant preliminary injunctive relief is proof positive that AAP's suit is far from "frivolous," regardless of how this appeal might ultimately be resolved. AAP sought to enjoin Uthmeier from prosecuting an enforcement action against AAP in violation of AAP's First Amendment rights. Similar cases have been filed across the country and courts of appeals have affirmed entry of preliminary injunctive relief in those cases. *See, e.g.*, *Defense Distributed v. Grewal*, 971 F.3d 485 (5th Cir. 2020) (exercising personal jurisdiction in Texas over New Jersey Attorney General in action seeking to enjoin enforcement action in New

Jersey), *cert. denied*, 141 S. Ct. 1736 (2021) (Mem.); *Media Matters for America v. Paxton*, 138 F.4th 563 (D.C. Cir. 2025) (exercising personal jurisdiction in D.C. over Texas Attorney General in action seeking to enjoin Texas-based investigation and enforcement action); *see also Actblue LLC v. Paxton*, 2026 WL 1694290 (D. Mass. June 11, 2026) (exercising personal jurisdiction over Texas Attorney General, holding *Younger* bad faith exception applied, and enjoining Texas-based civil enforcement action), *appeal pending*, No. 26-1713 (1st Cir.). Thus, even if Uthmeier's confidence that he would prevail on appeal were to pan out, he would not be entitled to fees under Section 1988 because AAP's suit is far from frivolous.

*Fourth*, Uthmeier argues that there is no emergency warranting a stay, while in the same breath asserting his need to recoup fees. It takes real nerve to complain about amassing fees in defense of this action while simultaneously resisting the very actions—a pause of appellate proceedings and dismissal of the action—that would eliminate the need for such expenditure. A stay of appellate proceedings now would eliminate the need for Uthmeier to file his opening brief tomorrow. But rather than agree to that sensible solution, Uthmeier insists on pressing ahead with

a suit he says lacks foundation in a court he says lacks jurisdiction. That course of action would only waste party and judicial resources.

Ultimately, Uthmeier has failed to show that he would be prejudiced by delaying the briefing until after the resolution of AAP's motion to dismiss. Uthmeier is no longer prohibited from pursuing his state enforcement action, and indeed, the Florida litigation has resumed. AAP's motion to dismiss is also moving along at an expedited pace. Last Thursday, the district court ordered Uthmeier to respond to AAP's dismissal motion by Friday, July 31. ECF 60. The district court has set a telephonic hearing on AAP's motion for the following Wednesday, August 5. *Id.* Given this timeline, the district court may well resolve AAP's motion to dismiss as early as next week. Even if the district court were to deny AAP's motion to dismiss, a short delay in the appellate proceedings would not prejudice Uthmeier, who as a practical matter already obtained the relief he seeks on appeal, at least for now, when the Court granted his request for a stay pending appeal.

## CONCLUSION

For the foregoing reasons, this Court should stay the proceedings in this Court as soon as possible.

July 28, 2026                                Respectfully submitted,

                                             /s/ Sarah E. Harrington
                                             Sarah E. Harrington
                                                 *Counsel of Record*
                                             Amber M. Charles
                                             Paul Killebrew
Jack R. Bierig                               Alexandra J. Widas
J. Michael Showalter                         Kendall T. Burchard
ARENTFOX SCHIFF LLP                          Christine Houle
233 S. Wacker Drive                          COVINGTON & BURLING LLP
Suite 7100                                   850 Tenth Street, NW
Chicago, IL 60606                            Washington, DC 20001
(312) 528-5500                               (202) 662-6000

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been furnished by electronic service through the CM/ECF Portal on July 28, 2026, to all counsel of record.

July 28, 2026

/s/ *Sarah E. Harrington*
Sarah E. Harrington

# CERTIFICATE OF COMPLIANCE

This document complies with the word limit of Fed. R. App. P. 27(d)(2)(A) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f) and accompanying documents authorized by Fed. R. App. P. 27(a)(2)(B), this document contains 1,211 words.

This document complies with the typeface requirements of Fed. R. App. P. 27(d)(1)(E) and Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 27(d)(1)(E) and Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Century Schoolbook font.

July 28, 2026

/s/ *Sarah E. Harrington*
Sarah E. Harrington