**No. 26-2238**

IN THE
United States Court of Appeals
FOR THE SEVENTH CIRCUIT

**AMERICAN ACADEMY OF PEDIATRICS,**
*Plaintiff-Appellee,*

*v.*

**JAMES UTHMEIER, ATTORNEY GENERAL OF THE STATE OF FLORIDA, IN HIS OFFICIAL CAPACITY,**
*Defendant-Appellant.*

On Appeal from the United States District Court for the Northern District of Illinois, No. 1:26-cv-02401 (Kennelly, J.)

# REPLY IN SUPPORT OF MOTION TO DISMISS APPEAL AS MOOT

Jack R. Bierig
J. Michael Showalter
ARENTFOX SCHIFF LLP
233 S. Wacker Drive
Suite 7100
Chicago, IL 60606
(312) 258-5500

Sarah E. Harrington
Amber M. Charles
Paul Killebrew
Alexandra J. Widas
Kendall T. Burchard
Christine Houle
COVINGTON & BURLING LLP
850 Tenth Street, NW
Washington, DC 20001-4956
(202) 662-6000

*Counsel for Plaintiff-Appellee American Academy of Pediatrics*

## INTRODUCTION

This appeal should be dismissed because this case is moot, as all parties agree. *See* Opp. 8, 17. The district court granted Plaintiff-Appellee American Academy of Pediatrics' ("AAP") motion to voluntarily dismiss and dismissed the case. The preliminary injunction—the sole subject of this appeal—dissolved upon dismissal, as all parties agree. *See Venezia v. Robinson*, 16 F.3d 209, 211 (7th Cir. 1994); Opp. 16 n.6. There is no live case or controversy left for this Court to adjudicate. *See Chicago Headline Club v. Noem*, 168 F.4th 1033, 1039 (7th Cir. 2026) ("The Supreme Court also treats cases as moot when the plaintiff, who prevailed in the district court, asks that court to voluntarily dismiss the case."). And all parties agree that this Court has authority to vacate the preliminary injunction as moot. *See* Mot. 6; Opp. 17.

Defendant-Appellant Florida Attorney General James Uthmeier does not dispute any of this, conceding that "this case is moot," Opp. 8, that "[a]fter voluntary dismissal, the legal effect of a preliminary injunction dissolves *ipso facto*," and that he "is in no way bound by the Preliminary Injunction Order," Opp. 16 n.6. Remarkably, Attorney General Uthmeier nevertheless asks the Court to overlook the absence of a

case or controversy and exercise jurisdiction contrary to Article III to "address[] the district court's 'grievous' errors," Opp. 3, by holding oral argument on September 30 and then issuing an advisory opinion on the merits, Opp. 18.

Given that all parties agree on the salient facts—the preliminary injunction has dissolved, the appeal is moot, and this Court may vacate the preliminary injunction as moot—it is puzzling that the Attorney General filed a 20-page opposition to AAP's motion to dismiss this appeal. The Attorney General's continued expression of disdain for AAP and his desire for an advisory opinion cannot create a justiciable controversy. This Court should adhere to Article III's limitations and dismiss this appeal as moot.[1]

## ARGUMENT

The parties agree that "[a] preliminary injunction cannot survive the dismissal of a complaint." *Venezia*, 16 F.3d at 211. Because AAP's

[1] AAP asks for a decision on its motion by no later than September 15 to avoid incurring additional costs associated with preparing for an oral argument before the en banc Court. Attorney General Uthmeier continues to complain about incurring attorneys' fees, *see* Opp. 7, while simultaneously doing everything in his power to drag out this moot litigation. It would be in all parties' interests for this Court to rule on AAP's motion to dismiss as soon as possible.

complaint has now been dismissed, the injunction has been dissolved. Neither this Court nor the district court must take any additional action to deprive the injunction of legal effect, although the district court has already indicated that it will formally vacate the preliminary injunction if the case were to be remanded. ECF No. 65 at 11. Because the injunction is dissolved, there is no longer a live case or controversy between the parties. *See, e.g.*, *Cypress Barn, Inc. v. W. Elec. Co.*, 812 F.2d 1363, 1364 (11th Cir. 1987) (a preliminary injunction "cannot survive a final order of dismissal").

Attorney General Uthmeier does not dispute any of this. Indeed, he readily agrees that the preliminary injunction is dissolved, that he is therefore not bound in any way by the injunction, and that this case is moot. *See* Opp. 3, 8, 11, 16 n.6, 17. The Attorney General now seeks, in part, an order formally vacating the preliminary injunction. The district court has indicated that it would issue such an order if this Court remands.

Puzzlingly, Attorney General Uthmeier vigorously resists that disposition, even though it would give him exactly the outcome he seeks. AAP has previously agreed that this Court has discretion to issue an

order vacating the injunction as moot, pursuant to the *Munsingwear* doctrine. Mot. 6. The Attorney General asks this Court to enter such an order, while also maintaining that the injunction has already dissolved and "in no way" binds him.[2] Opp. 16 n.6. Because the preliminary injunction order has already dissolved, an additional order vacating that dead letter is unnecessary. *See Chicago Headline Club*, 168 F.4th at 1041 ("In ordinary cases under *Munsingwear*, appellate courts worry about a winning party taking advantage of the preclusive effects of a judgment."). But if this Court chooses to exercise its discretion to enter an order vacating the preliminary injunction as moot, rather than remanding for the district court to enter the same order, AAP has not objected.

In light of the agreement between the parties that this appeal is moot and the preliminary injunction dissolved, it would be fair to wonder why the Attorney General filed a 20-page opposition to AAP's motion to dismiss (again, in a case that he has insisted from the start is without

[2] AAP has also represented that it does not plan to refile this case. *See* ECF No. 62 at 7. Indeed, AAP offered to dismiss the underlying action with prejudice if the parties could then stipulate to the dismissal of this appeal—which would have eliminated any possibility of refiling—and the Attorney General refused AAP's offer. *See* Mot. 1. Having rejected the path that would have given the Attorney General the complete relief he now seeks, the Attorney General is not well positioned to invoke equity.

jurisdiction). The answer can be found near the end of the Attorney General's opposition where, after conceding multiple times that the case is moot, he urges the Court to hold oral argument in this moot appeal and then to "rule" by "issu[ing] a decision correcting the district court's pernicious errors." Opp. 18. Those are remarkable requests. Article III does not permit this Court to accept the Attorney General's invitation to issue an advisory opinion and nothing in this Court's decision in *Chicago Headline Club* suggests otherwise.

## **CONCLUSION**

For the foregoing reasons, this Court should dismiss the appeal as moot by September 15.

August 31, 2026

Respectfully submitted,

/s/ *Sarah E. Harrington*

Sarah E. Harrington
Amber M. Charles
Paul Killebrew
Alexandra J. Widas
Kendall T. Burchard
Christine Houle
COVINGTON & BURLING LLP
850 Tenth Street, NW
Washington, DC 20001-4956
(202) 662-6000

Jack R. Bierig
J. Michael Showalter
ARENTFOX SCHIFF LLP
233 S. Wacker Drive
Suite 7100
Chicago, IL 60606
(312) 258-5500

*Counsel for Plaintiff-Appellee*
*American Academy of Pediatrics*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing has been furnished by electronic service through the CM/ECF Portal on August 31, 2026, to all counsel of record.

August 31, 2026 /s/ *Sarah E. Harrington*
Sarah E. Harrington

## CERTIFICATE OF COMPLIANCE

This document complies with the type-volume limit of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 975 words. This document complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Century Schoolbook font.

August 31, 2026

/s/ *Sarah E. Harrington*
Sarah E. Harrington